IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AMANDA REIMHERR BUCKERT, | § | |
| | § | |
| *Plaintiff,* | § | SA-19-CV-00727-XR |
| | § | |
| vs. | § | |
| | § | |
| ZACHARY TRAYNOR, | § | |
| FRIENDFINDER NETWORKS, INC., | § | |
| VARIOUS, INC., | § | |
| | § | |
| *Defendants.* | § | |

**ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Second Motion for a Protective Order [#108], which was referred to the undersigned for disposition on January 10, 2022. By her motion, Plaintiff asks the Court to issue a protective order preventing *pro se* Defendant Zachary Traynor from taking the depositions of her husband and teenage daughter. The record reflects that Plaintiff filed a first motion for protective order regarding the same depositions in August 2020, but the Court dismissed the motion without prejudice because Plaintiff's claim against Defendant Traynor was stayed pending the resolution of criminal charges brought against him by officials in Wilson County, Texas. The criminal charges have been resolved, and Plaintiff believes a protective order is now warranted. Plaintiff argues that if Traynor is permitted to depose her daughter, she will suffer further traumatization at the hands of Traynor, who as a *pro se* defendant would himself be conducting the deposition. Additionally, Plaintiff believes neither her daughter nor her husband has any relevant information regarding the claims in this suit. The Court has also considered Defendant Traynor's response [#109]. The Court will grant in part Plaintiff's motion for protection.

1

The Court notes that Plaintiff's motion may again be premature insofar as it is seeking to quash depositions of non-parties who have not yet been subpoenaed and that have not been properly noticed.  Plaintiff's motion states that Traynor expressed to counsel for Plaintiff that he intends to take the oral depositions of her daughter and husband, but Plaintiff has not included formal deposition notices with her motion.  *See* Fed. R. Civ. P. 30(b)(1) (requiring reasonable written notices to all parties when a party intends to depose a witness).

Nor is there any indication that either Plaintiff's daughter or husband has received a subpoena compelling their appearance at an oral deposition.  Mere notice of a deposition is insufficient to compel the attendance of a non-party for a deposition.  *See id.* at Fed. R. Civ. P. 30(a)(1) (providing that deponent's attendance at an oral deposition may be compelled by subpoena under Rule 45), 45(a)(1)(A)(iii) (requiring a subpoena to compel attendance of a non-party at a deposition but requiring only written notice to a party).  Therefore, even if Traynor has noticed the depositions of Plaintiff's husband or her daughter, the notice would be defective without a properly served accompanying subpoena.

Although there does not appear to be a scheduled deposition to quash or that the witnesses have been subpoenaed, a limited order of protection is warranted at this time.  Less-intrusive forms of discovery are available to Traynor that may be appropriate in this case given the nature of the causes of action and the minor role of these non-party witnesses, including subpoenaing the non-parties for depositions by written questions or subpoenaing documents in their possession.  *See* Fed. R. Civ. P. at 31(a), 34(c), 45(c)(2).  The Court will therefore grant Plaintiff's motion in part.  Traynor may use the aforementioned less intrusive means to obtain discovery from Plaintiff's husband and daughter.  If after he deposes Plaintiff and engages in this limited form of discovery with regard to the non-party witnesses, Defendant Traynor still

believes that he needs the oral deposition of either non-party witness, then he must first file a motion seeking leave of Court to depose them.

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion for a Protective Order [#108] is **GRANTED IN PART** as set forth herein.

**IT IS FURTHER ORDERED** that Defendant Traynor **FILE A MOTION FOR LEAVE** and obtain the Court's permission prior to subpoenaing Plaintiff's daughter or husband or noticing their oral depositions.

SIGNED this 13th day of January, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE