IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AMANDA REIMHERR BUCKERT, | § | |
| | § | |
| *Plaintiff,* | § | SA-19-CV-00727-XR |
| | § | |
| vs. | § | |
| | § | |
| ZACHARY TRAYNOR, | § | |
| FRIENDFINDER NETWORKS, INC., | § | |
| VARIOUS, INC., | § | |
| | § | |
| *Defendants.* | § | |

**ORDER**

Before the Court in the above-styled cause of action is Defendant's Second Motion to Unseal Court Documents [#110], which was referred to the undersigned for disposition on January 12, 2022.  By his motion, *pro se* Defendant Zachary Traynor asks the Court to unseal all court documents relating to this case.  After considering the record in this case, as well as Plaintiff's response [#112] and Traynor's replies [#113, #114], the Court will grant the motion in part.

The record reflects that the District Court originally sealed this case on July 8, 2019, upon motion by Plaintiff to protect the interests of her minor daughter from the contents of this action.  Plaintiff subsequently moved to modify the sealing order to allow for electronic access and e-filing for the attorneys of record and the parties.  The Court granted the motion and unsealed the case but restricted access to all documents to case participants only.  This Order did not, however, unseal those documents filed in the case up to that point.  Those documents predating the Court's text order dated November 26, 2019, remain sealed and inaccessible electronically, even by attorneys and parties.

1

Traynor did not make his appearance in this case until January 9, 2020, several months later.  Upon his appearance, Traynor filed his first motion to unseal court documents, along with a motion for permission to participate in e-filing as a *pro se* party.  The Court denied the motion to unseal, but granted Traynor's motion for electronic access, emphasizing that only attorneys and parties have access to the case and it remains restricted from public view.  In doing so, the Court balanced the interests of the public in accessing court records with the interests of Plaintiff and her minor daughter.

Traynor now asks the Court again to unseal court documents.  The undersigned construes Traynor's motion as both requesting electronic access for the parties and attorneys of record to those documents predating November 26, 2019, that remain sealed and requesting public access for all case documents.

As to Traynor's request for public access to all court documents in this case, Traynor has not provided the Court with any cogent reason to grant this request.  Traynor simply reiterates his general belief that sealing any court documents violates his First Amendment right of access to court records.  Traynor also argues that Plaintiff's daughter is no longer a minor, as she turned 18 in November, and therefore is in no need of protection.  In his motion, Traynor makes accusations against Plaintiff of the very type that could cause harm to Plaintiff and her family if court documents were publicly accessible.

This Court has discretion to seal documents in litigation.  *SEC v. VanVaeyenberg*, 990 F.2d 845 (5th Cir. 1993).  When deciding whether to order documents in a case sealed, this Court balances the need for confidentiality against the public interest in access to the records.  *Id.* Plaintiff's response to Traynor's motion indicates that she has not only an 18-year-old daughter

but a minor son.  Balancing the public and private interests in this case, the undersigned finds that this case should remain restricted from public access.

Insofar as Traynor is requesting the Court to allow him individual access to those court documents filed prior to November 26, 2019, in this case, the Court will grant the motion.  The Clerk of Court shall make all documents filed in this case available to parties and attorneys with CM/ECF filing privileges, but not to the public.

**IT IS THEREFORE ORDERED** that Defendant's Second Motion to Unseal Court Documents [#110] is **GRANTED IN PART**: The Clerk of Court shall make the sealed documents docketed prior to November 26, 2019, electronically accessible to the attorneys and parties in this case, but not to the public.  All other relief requested is **DENIED**.

SIGNED this 24th day of January, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE