IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION



| | § | |
|---|---|---|
| *Plaintiff,* | § | |
| | § | SA-19-CV-00727-XR |
| v. | § | |
| | § | |
| ZACHARY TRAYNOR, | § | |
| FRIENDFINDER NETWORKS, INC., | § | |
| VARIOUS, INC., | § | |
| *Defendants* | § | |

**ORDER**

On this date, the Court considered United States Magistrate Judge Elizabeth Chestney's Report and Recommendation filed on July 18, 2022 (ECF No. 134), and Proposed Intervenor Eugene Volokh's objections thereto (ECF No. 138). After careful consideration, the Court issues the following order.

**BACKGROUND**

On June 17, 2019, Plaintiff initiated this action by filing a complaint against Defendant Zachary Traynor, asserting claims for public disclosure of private facts and intrusion upon seclusion. ECF No. 1 ¶ 4. Plaintiff alleges that, on or about April or May 2019, Defendant Traynor sent an Instagram message to Plaintiff's then-underage daughter and her friends, "contending that Plaintiff, a married woman not married to Defendant at any time, had an abortion during May 2019[.]" *Id.* Plaintiff further alleges that, on or about June 2019, Defendant Traynor "engaged in stalking activity" while she was on a work trip. *Id.* Finally, Plaintiff alleges that Defendant Traynor posted sexually explicit language and photographs on social media and threatened to continue

1

doing so if she did "not agree to engage immediately, and in the future, in a personal relationship with Defendant." *Id.* Based on these allegations, Plaintiff seeks $100,000 in damages. *Id.* at 3.

Concurrently with her complaint, Plaintiff filed a motion for a temporary restraining order. ECF No. 2. On June 24, 2019, the Court granted the motion and enjoined Defendant Traynor "from contacting Plaintiff directly or indirectly; from threatening Plaintiff by phone calls or any other form; from stalking Plaintiff; from sending messages or social media posts that contain sexually explicit pictures of Plaintiff or that contain any information regarding the personal life of Plaintiff." ECF No. 5 at 4.

On July 8, 2019, the Court entered a preliminary injunction, enjoining Defendant Traynor "from contacting Plaintiff directly or indirectly; from contacting Plaintiff's husband or children directly or indirectly; from threatening Plaintiff by phone calls or any other form; from stalking Plaintiff; from sending messages or social media posts to Plaintiff; and from posting any sexually explicit images of Plaintiff." ECF No. 7 at 2.

On July 8, 2019, Plaintiff also filed a motion to seal all records in this case. ECF No. 8. In her motion, Plaintiff submitted that sealing was proper "[d]ue to the nature and content of documents on file in this case, along with anticipated filing of additional documents, some with exhibits depicting pornographic images, sexually-related texts and messages[.]" *Id.* at 2. Plaintiff contended that the nature and contents of these filings established "the real possibility that such materials [would become a] vehicle for improper purposes." *Id.*

Additionally, Plaintiff argued that sealing was proper because the pleadings and filings reference her then-underage daughter and family, "innocent parties given the issues in this case who are not parties in this litigation." *Id.* Plaintiff submitted that "[t]he privacy interests of

2

Plaintiff's minor daughter and family are serious and substantial interests warranting protection from public access[.]" *Id.* Without objection, the Court granted Plaintiff's motion. ECF No. 9.

On July 24, 2019, Plaintiff filed her first amended complaint, adding FriendFinder Networks, Inc. and Various, Inc. as defendants to this action. ECF No. 10. In her amended complaint, she alleged that, on or about June 22, 2019, Defendant Traynor created a membership account with AdultFriendFinder.com ("AFF"), a website operated by Various, Inc., whose parent corporation is FriendFinder Networks, Inc. (together, the "FFN Defendants"). *Id.* ¶ 4. In June and July of 2019, Traynor allegedly posted sexually-graphic images of Plaintiff on AFF, which Plaintiff discovered after she created a profile on AFF. *Id.* When Plaintiff informed the FFN Defendants that she did not consent to the photographs—and that she had in place a preliminary injunction issued by the Court—the FFN Defendants removed Defendant Traynor's profile. *Id.* Days later, however, Defendant Traynor's profile allegedly reappeared. *Id.* Plaintiff therefore amended her complaint to assert common law claims, as well as claims under section 1708.85 of the California Civil Code and the California Constitution, against the FFN Defendants. *Id.* ¶ 5.

In response, the FFN Defendants filed a motion to compel arbitration and a motion to dismiss. ECF Nos. 19, 21. The Court granted the motion to compel arbitration, terminated the motion to dismiss, and stayed Plaintiff's claims against the FFN Defendants pending resolution of the arbitration. ECF No. 34 at 15. To date, arbitration is ongoing, and Plaintiff's claims against the FFN Defendants remain stayed. *See* ECF No. 139.

Meanwhile, Plaintiff had attempted to effectuate service of process on Defendant Traynor, who appeared to be intentionally avoiding service. ECF Nos. 16, 27, 30. The Court permitted Plaintiff to effectuate substituted service of process on Defendant Traynor. *See* ECF Nos. 28, 31.

On December 30, 2019, Plaintiff filed an advisory stating that she had effectuated substituted service of process on Defendant Traynor in accordance with the Court's order. ECF No. 35.

Thereafter, on January 2, 2020, Plaintiff filed a motion for contempt against Defendant Traynor, contending that Defendant Traynor was in violation of the Court's preliminary injunction. ECF No. 36. Specifically, Plaintiff asserted that "Defendant Traynor [was] directly in contempt by posting on social media pictures and writings designed to harass Plaintiff and to prejudice Plaintiff in her employment[.]" *Id.* at 2. Defendant Traynor responded on January 9, 2020, by filing a motion seeking to quash service, vacate the preliminary injunction, and dismiss this case for improper service. ECF No. 39.

On February 11, 2020, the Court held a hearing on Plaintiff's motion for contempt and Defendant's motion. ECF No. 45. At the hearing, the Court denied Defendant Traynor's motion because he had waived service. The Court then remanded Defendant Traynor to the custody of the U.S. Marshals pursuant to a pending felony warrant in Wilson County, Texas, arising from Plaintiff's allegations. *Id.* The Court also mooted Plaintiff's motion for contempt. *Id.*

On February 15, 2020, Plaintiff filed a motion for an order to prevent publication of sealed documents. ECF No. 48. Therein, Plaintiff stated that "some seven different legal information businesses [had] made available to the public information regarding this case which is under seal." *Id.* at 1. She asserted that she was "unaware of how the legal information providers obtained information under seal in this case, but [that] the information should not be made available to the general public, and is causing problems for [her] and her family." *Id.* at 2. The Court denied Plaintiff's motion, but made clear that the case would remain under seal with attorney-only electronic access.

4

On February 19, 2020, Defendant Traynor filed a motion to unseal documents. ECF No. 49. The Court balanced the interests of the public in accessing court records with the interests of Plaintiff and her then-underage daughter. After doing so, the Court concluded that the case should remain under seal with attorney-only electronic access.

On February 21, 2020, Defendant Traynor filed a motion to set aside the Court's preliminary injunction. ECF No. 51. He then filed a motion to dissolve the Court's preliminary injunction on February 27, 2020. ECF No. 53.

Further, on March 2, 2020, Defendant Traynor filed an answer and counterclaims against Plaintiff. ECF No. 61. Days later, on March 5, 2020, Defendant Traynor filed both a motion for contempt against Plaintiff and a motion to stay this case until the conclusion of his criminal proceedings in Wilson County. ECF Nos. 62, 63.

On March 7, 2020, Plaintiff filed a motion to dismiss Defendant Traynor's counterclaims. ECF No. 66. She also filed a motion for a protective order on April 23, 2020, asking the Court to prohibit Defendant Traynor from deposing her daughter and husband. ECF No. 74.

On April 24, 2020, the Court granted Defendant Traynor's request to stay this case until the conclusion of his criminal proceedings. ECF No. 75. The Court made clear that the preliminary injunction remained in effect. *Id.* at 5. In light of the stay, the Court dismissed without prejudice Defendant Traynor's motion to set aside the preliminary injunction, Defendant Traynor's motion to dissolve the preliminary injunction, Defendant Traynor's motion for contempt against Plaintiff, Plaintiff's motion to dismiss Defendant Traynor's counterclaims, and Plaintiff's motion for a protective order. *Id.* at 5–6.

On October 22, 2021, Plaintiff filed a status report, advising the Court that Defendant Traynor's criminal proceedings had been disposed of in county court. ECF No. 95. The status

report revealed that Defendant Traynor plead guilty to a misdemeanor charge of "harassment" on September 23, 2021. *Id.* at 1–2. Therefore, on October 25, 2021, the Court lifted the stay as to Plaintiff's claims against Defendant Traynor and Defendant Traynor's counterclaims against Plaintiff. ECF No. 96.

On January 10, 2022, Defendant Traynor filed a second motion to unseal, which the Court referred to the Magistrate Judge. ECF No. 110. On January 24, 2022, the Magistrate Judge granted in part and denied in part the motion. ECF No. 115. The Magistrate Judge directed the Clerk's Office to "make the sealed documents docketed prior to November 26, 2019, electronically accessible to the attorneys and parties in this case, but not to the public." *Id.* at 3. As a result, Defendant Traynor, who is proceeding *pro se*, has access to all documents filed in this case.

On February 3, 2022, Proposed Intervenor Eugene Volokh filed a motion to intervene and unseal. ECF No. 117. Professor Volokh "specializes in First Amendment law at UCLA School of Law[,]" and he discovered this case through a scheduled daily Westlaw query that finds all new opinions mentioning sealing or the First Amendment. *Id.* at 1–2. Professor Volokh wants "to write about the temporary restraining order, the preliminary injunction, the sealing of the case, and possibly the motions to dismiss in law review articles and on his blog[.]" *Id.* at 2. However, he contends that he cannot to do so "unless the documents are unsealed." *Id.* Professor Volokh "is aware that the case was sealed upon motion by Plaintiff to protect the interests of her minor daughter from the contents of this action," but nonetheless "seeks to intervene to assert his own personal First Amendment rights." *Id.* at 3.

The Court referred Professor Volokh's motion to the Magistrate Judge. On July 18, 2022, the Magistrate Judge issued the Report and Recommendation. ECF No. 134. The Magistrate Judge recommended that Professor Volokh be granted leave to intervene for the limited purpose of

permitting him to move to modify the sealing order in this case. *Id.* at 5. The Magistrate Judge, however, dismissed without prejudice Professor Volokh's request to unseal until the Court resolved his request to intervene. *Id.* at 18. The Magistrate Judge stated, "Professor Volokh may not blog or write about this case until any renewed motion to unseal has been granted." *Id.* at 17.

On July 26, 2022, Professor Volokh filed objections to the Report and Recommendation. ECF No. 138. He objects to the "the recommendation that 'Professor Volokh may not blog or write about this case until any renewed motion to unseal has been granted[,]'" and requests expedited review. *Id.* at 1 (quoting ECF No. 134 at 17).

## DISCUSSION

I. **Legal Standards**

   A. **Standard of Review**

Where the report and recommendation has been objected to, the Court reviews the Magistrate Judge's recommended disposition *de novo* pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1).

"The decision whether to allow public access to court records 'is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.'" *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). "In exercising this discretion, 'the court must balance the public's common law right of access against the interests favoring nondisclosure.'" *Id.* (quoting *Sec. & Exch. Comm'n v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)). There is a "presumption in favor of the public's common law right of access to court records." *Van Waeyenberghe*, 990 F.2d at 849.

## II. Analysis

In light of Professor Volokh's motion, objections, and request for expedited review, the Court will consider his request to unseal at this time.

"Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. Nevertheless, the Court's discretion to seal judicial records is "to be exercised charily." *Fed. Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987).

The Court initially granted Plaintiff's motion to seal all records in this case based primarily on her representation that some filings would contain lewd or graphic sexually explicit photographs. This case alleges the invasion of privacy interests arising out of the posting of a sexually explicit image of Plaintiff on the internet, as well as private communications between Plaintiff and Defendant Traynor. Texas and other states have enacted so-called "revenge-porn statutes" criminalizing the type of conduct that is alleged this case, with corresponding statutes imposing civil liability. Even more concerning, Defendant Traynor was convicted of a crime for conduct arising from Plaintiff's allegations in this case.[1] Undoubtedly, the conduct at issue in this case implicates unsettling privacy interests and issues that warrant the Court's serious consideration. The Court is particularly mindful of the distinct possibility that some documents filed in this case might become vehicles for improper purposes. In short, there is no dispute that Plaintiff's privacy interests would be best served if all documents remain under seal.

But, Professor Volokh now seeks to intervene and wants access to documents in this case purely for his intellectual satisfaction. The Court, therefore, has undertaken an extensive review of all the filings in this case, document-by-document and line-by-line. *Binh Hoa Le v. Exeter Fin.*

---

[1] It appears that Defendant Traynor also plead guilty to criminal offenses involving similar allegations while serving in the military in 2011. *See* ECF No. 112-2.

*Corp.*, 990 F.3d 410, 419 (5th Cir. 2021). Based on this extensive review and given the presumption in favor of the public's common law right of access to court records, the Court must now vacate the order sealing all filings in this case (ECF No. 9).

By and large, the filings thus far reflect procedural and administrative information. These documents do not warrant sealing. Other filings contain information that cannot be reasonably construed as lewd or graphic. These filings also do not warrant sealing. Finally, the remaining filings recite the allegations that Plaintiff has asserted in her original and first amended complaints and that Defendant Traynor has asserted in his counterclaims. While these filings contain unpleasant, embarrassing, and distasteful information, the filings cannot be reasonably construed as sufficiently lewd or graphic to justify the sealing of these filings.

## CONCLUSION

Accordingly, the Court **VACATES** the order sealing all filings in this case (ECF No. 9). The Court **DIRECTS** the Clerk's Office to unseal all filings in this case. The Court further **DIRECTS** the Clerk's Office to no longer seal future filings. All filings in this case will be available to the general public. Thus, Proposed Intervenor Eugene Volokh's Motion to Intervene and Unseal (ECF No. 117) is **DENIED** as **MOOT**.

If Plaintiff believes that she has a good-faith basis for requesting the sealing of a specific page, exhibit, or line item in a future filing, she may file a motion for leave to file under seal. Plaintiff need not include the specific page, exhibit, or line item that she wishes to file under seal. Upon review, the Court will either grant or deny Plaintiff's motion for leave to file under seal. If the Court grants Plaintiff's motion, then she need only submit the filing at issue under seal. If the Court denies Plaintiff's motion, then she must submit the filing at issue in unredacted form.

Defendant Traynor is cautioned that he must not file any documents that contain lewd or graphic information about Plaintiff. The Court will be mindful of all filings in this case to ensure that no documents are filed for improper purposes.

Professor Volokh may write about this case if he so wishes.

It is so **ORDERED**.

**SIGNED** this August 3, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE