IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| *Plaintiff,* | § | SA-19-CV-00727-XR |
| | § | |
| vs. | § | |
| | § | |
| FRIENDFINDER NETWORKS, INC., | § | |
| VARIOUS, INC., | § | |
| | § | |
| *Defendants.* | § | |

**ORDER**

Before the Court is the above-styled cause of action, which was referred to the undersigned on April 15, 2024, to resolve issues raised by the Fifth Circuit's judgment and opinion following Plaintiff's appeal of the District Court's order unsealing this case. (Referral Order [#220]). The Fifth Circuit has directed the District Court to consider on remand "whether this case merits allowing Plaintiff to use a pseudonym—even retroactively—and whether Plaintiff timely filed her motion to seal." (Fifth Circuit Op. [#219], at 9.) The Fifth Circuit issued a subsequent order directing the Fifth Circuit clerk to amend the appellate docket to pseudonymize Plaintiff's name in the caption of the case to preserve the pseudonymization issue for the District Court on remand. (Fifth Circuit Op. [#224], at 3.) The Fifth Circuit also ordered the District Court to ensure that, prior to unsealing this case, certain redactions of all case filings occurred. (Fifth Circuit Op. [#219].) In this Order, the Fifth Circuit explained that the following information would be redacted from the appellate docket:

- Any information falling under Federal Rule of Civil Procedure 5.2(a);
- Names of Plaintiff's family members;
- Addresses and other contact information for Plaintiff and her family;

1

- Photographs of Plaintiff;
  Plaintiff's name.

(*Id.*)

Following the referral, the undersigned held a status conference, at which counsel for Plaintiff, Plaintiff, and intervenor Professor Eugene Volokh (a First Amendment scholar who has an academic interest in this case due to it being sealed by the District Court) appeared via videoconference. At the conference, Plaintiff reiterated her request for pseudonymization of this case to preserve her anonymity and to protect her from further harm. Professor Volokh stated at the conference, as he did before the Fifth Circuit, that he has no objection to the pseudonymization of the record. Plaintiff and Professor Volokh also agreed that the information identified in the Fifth Circuit's opinion should be redacted from all court filings in the District Court docket. To memorialize her requested redactions, Plaintiff filed a Notice [#225] on May 18, 2024, which proposed categorical redactions of Plaintiff's name, picture, and family members' names and pictures from all filings in this case. Plaintiff did not identify any additional categories of information that should be redacted that might require further briefing to the Court either during the status conference or in her post-conference Notice. Professor Volokh did not object to the categories of proposed redactions at the conference.

After the conference, the undersigned issued an Order [#226], in which it set a deadline for the filing of any letter brief from Plaintiff or Professor Volokh on the outstanding issue of pseudonymization of the record. Plaintiff filed a letter brief on the pseudonym issue [#442]; Professor Volokh did not. As to the agreed categories of redactions, the Court ordered Plaintiff to prepare proposed redactions to a sampling of filings in this case for the Court's and Professor Volokh's review and gave Professor Volokh a deadline to file any objections to the proposed redactions.

Rather than filing a sampling of proposed redactions, Plaintiff filed a redacted copy of every docket entry in this case. Professor Volokh thereafter filed a notice of his non-objection to the redactions. (Notice [#452].) The Court has also reviewed the redacted documents and finds that they comply with the parties' agreement and the Fifth Circuit's Order. Accordingly, the Court will therefore order that the Clerk unseal this case. However, prior to unsealing the case, the Clerk should ensure that every unredacted document filed in this case remain sealed. This will ensure that the only publicly available documents in this case are those that have been redacted and do not contain Plaintiff's name or other private information identified by the Fifth Circuit.

As to the pseudonym issue, the Court has considered the record in this case, Plaintiff's letter brief, and the governing law and will order the Clerk to pseudonymize the record in this case by amending the docket to replace Plaintiff's name with "Jane Doe" in both the case caption and all docket entries for the reasons that follow.

Rule 10(a) of the Federal Rules of Civil Procedure generally requires complaints to include the names of all parties. Fed. R. Civ. P. 10(a). Federal courts have discretion, however, to permit parties to proceed under pseudonyms where special circumstances justify anonymity. *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979). A request to litigate under a pseudonym "requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).

The Fifth Circuit has identified "three factors common to anonymous-party suits" that deserve "considerable weight" in evaluating whether to permit the use of a pseudonym. *Doe v.*

*McKesson*, 945 F.3d 818, 835 n.12 (5th Cir. 2019) (quoting *Stegall*, 653 F.2d at 186), *judgment vacated on other grounds by* 592 U.S. 1 (2020).  These are: (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff will be required to disclose information "of the utmost intimacy"; and (3) whether the plaintiff will be compelled to admit the intention to engage in illegal conduct, thereby risking criminal prosecution.  *Id.* (citing *Stegall*, 653 F.2d at 185).  These factors, however, do not form a "rigid, three-step test for the propriety of party anonymity."  *Stegall*, 653 F.2d at 185.  Courts have considered other circumstances, including whether plaintiffs would face threats of "violence or physical harm by proceeding in their own names, a party's age and related vulnerability, and any prejudicial impact on the defending parties."  *Doe v. Univ. of the Incarnate Word*, No. SA-19-CV-957-XR, 2019 WL 6727875, at *3 (W.D. Tex. Dec. 10, 2019) (citing *Stegall*, 653 F.2d at 186).

This case involves allegations that the original Defendant in this case posted sexually explicit images of Plaintiff online and harassed Plaintiff and her family after she terminated her extramarital affair with Defendant.  Plaintiff sued Defendant for public disclosure of private facts and intrusion upon seclusion and later amended her pleading to include additional claims against the adult websites Defendant allegedly used to post explicit images.  The Fifth Circuit has not yet addressed a request for pseudonymization of the record in the context of similar allegations of "revenge pornography," but "Texas state courts have allowed plaintiffs bringing claims related to the disclosure of information that is sexual or intimate in nature to proceed pseudonymously."  *Roe v. Patterson*, No. 4:19-cv-00179-ALM-KPJ, 2019 WL 2407380, at *5 (E.D. Tex. June 3, 2019) (collecting cases).  There are several reasons pseudonymization of the record is appropriate here.

4

First, the allegations in this case—and the discovery referenced in the parties' filings—involve information "of the utmost intimacy."  *See McKesson*, 945 F.3d at 835 n.12.  The pleadings contain allegations related to Plaintiff having an abortion in May 2019 and sexually graphic photographs of Plaintiff engaging in oral sex with Defendant.  The Fifth Circuit has endorsed the use of a pseudonym in cases involving issues "of a sensitive and highly personal nature," such as birth control, abortion, and homosexuality.  *S. Methodist Univ. Ass'n*, 599 F.2d at 712–13.  Second, Plaintiff asserted claims against third-party websites publishing the explicit photographs, who are California citizens, under a California statute authorizing a private right of action against any person who intentionally distributes sexually explicit material without the consent of the person depicted in the material.  *See* Cal. Civ. Code § 1708.85.  This statute expressly authorizes a plaintiff in such a civil proceeding to proceed under a pseudonym.  *Id.* § 1708.85(f)(1).  Preserving the anonymity of revenge pornography plaintiffs encourages such persons to come forward with their claims while mitigating the possibility of future retaliatory acts or inadvertent further publication of the private and sexually intimate facts underlying the suit.  Finally, no party objects to the request to pseudonymize the record, and no party has identified how it would suffer prejudice from replacing Plaintiff's name with a pseudonym.  There is no question that if pseudonymization had been requested at the outset of this litigation, that it would have been appropriate to grant the request.  The issue, however, is that this is a request for retroactive pseudonymization.

Professor Volokh, though not objecting to the pseudonymization of the record, has expressed concern that providing this relief retroactively is unlikely to be effective at protecting Plaintiff's anonymity as orders from this case have already been made public.  True, despite an early order by the District Court sealing this case from public access, one order by the District

Court was published by online case-reporting services prior to the entry of the Court's sealing order, and a few other Court orders were mistakenly made public despite the sealing order. The inadvertent publication of the orders resulted in Professor Volokh discovering the District Court's wholesale sealing of the case and his blogging on the First Amendment implications of denying public access to judicial proceedings. It also resulted in a challenge by Professor Volokh (as intervenor) to the sealing order, the District Court reversing its decision to seal the case, and an appeal of that decision to the Fifth Circuit. Further, it resulted in Texas Public Radio taking an interest in the case and filing an Amicus Curiae brief in the appeal. Retroactively pseudonymizing the record at this juncture—after the parties' claims have been resolved, and all of these intervening events have occurred—cannot ensure that Plaintiff's relationship to this case will remain completely confidential. However, it is undeniable that Plaintiff has already suffered significant harm from the inadvertent disclosure of sealed Court orders in this case. And Plaintiff has argued persuasively that the retroactive pseudonymization of the record will minimize further harm and the continued likelihood that this case will be the subject of future academic blogs or appear in public media.

Although the Fifth Circuit has not addressed the question of retroactive pseudonymization of a case record, a California Court of Appeal (in the context of a case arising under Section 1708.85) has addressed pseudonymization despite the temporary disclosure of an anonymous plaintiff's confidential information by mistakenly posting it on the court's website. *See Doe v. Superior Ct.*, 3 Cal. App. 5th 915, 919–20 (2016). In deciding to preserve the plaintiff's anonymity, the California appellate court rejected the argument that the accidental disclosure made continued use of a pseudonym futile and refused to "compound the harm" already caused by the disclosure. *Id.* The Court reaches the same conclusion here.

Nor is the Court convinced that Plaintiff waived any right to pursue use of a pseudonym by waiting to move to seal this case until several weeks after its filings and after she had already obtained a temporary restraining order—an order that was also publicly available. Plaintiff moved to seal the case the same day she obtained the restraining order at the very beginning stages of the litigation. By doing so and obtaining a favorable order sealing this case, she believed that her identity would be protected and that she could proceed with the litigation without fear of disclosure of the intimate facts underlying her suit.

Accordingly, the Court will grant Plaintiff's request to retroactively pseudonymize the record and order the Clerk to amend the case caption and docket entries by replacing Plaintiff's name with "Jane Doe" to preserve her anonymity. The Court notes that in doing so it is not imposing any obligation on Professor Volokh to retroactively pseudonymize his own writings on this case that are already in the public domain. Professor Volokh may not, however, publicly disclose Plaintiff's name or personal identifying information in any future writings, speeches, or other public discourse.

**IT IS THEREFORE ORDERED** that the Clerk shall amend the docket by replacing Plaintiff's name with "Jane Doe" in the case caption and all entries on the docket.

**IT IS FURTHER ORDERED** that the Clerk individually seal each unredacted document [#1 through #226, #442, #450] to ensure only the redacted documents filed by Plaintiff are available to the public.

**IT IS FINALLY ORDERED** that, once the Clerk has pseudonymized the case caption and docket entries and sealed <u>all</u> unredacted documents in the case, the Clerk shall unseal this case.

**IT IS SO ORDERED.**

SIGNED this 20th day of June, 2024.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE