IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JANE DOE,<br>　　　　*Plaintiff* | §<br>§<br>§ | |
| -vs- | §<br>§ | SA-19-CV-00727-XR |
| FRIENDFINDER NETWORKS, INC.,<br>VARIOUS, INC.,<br>　　　　*Defendants* | §<br>§<br>§<br>§ | |

## ORDER

On this date, the Court considered the Magistrate Judge's June 20, 2024 order (ECF No. 454), and Intervenor Eugene Volokh's ("Volokh") objections thereto (ECF No. 456). After careful consideration, the Court issues the following order.[1]

## BACKGROUND

On April 15, 2024, this Court referred this matter to Magistrate Judge Elizabeth S. Chestney to resolve issues raised by the Fifth Circuit's judgment and opinion following Plaintiff's appeal of the District Court's order unsealing this case. ECF No. 220. As stated by the Magistrate Judge:

> The Fifth Circuit has directed the District Court to consider on remand whether this case merits allowing Plaintiff to use a pseudonym—even retroactively—and whether Plaintiff timely filed her motion to seal. The Fifth Circuit issued a subsequent order directing the Fifth Circuit clerk to amend the appellate docket to pseudonymize Plaintiff's name in the caption of the case to preserve the pseudonymization issue for the District Court on remand. The Fifth Circuit also ordered the District Court to ensure that, prior to unsealing this case, certain redactions of all case filings occurred. In this Order, the Fifth Circuit explained that the following information would be redacted from the appellate docket: Any information falling under Federal Rule of Civil Procedure 5.2(a); Names of Plaintiff's family members;

---

[1] Though Volokh proposes that the Magistrate Judge first consider his objections, Rule 72 requires that the undersigned address Volokh's objections. *See* FED R. CIV. P. 72.

> Addresses and other contact information for Plaintiff and her family; Photographs of Plaintiff; and Plaintiff's name.

ECF No. 454 at 1–2 (cleaned up).

Thereafter, the Magistrate Judge worked with the parties to follow the Fifth Circuit's instructions, and the Plaintiff filed redacted versions of every docket entry in this case. *Id.* 2–3. After reviewing those filings, the Magistrate Judge ordered this case unsealed, but instructed the Clerk "ensure that every unredacted document filed in this case remain sealed." *Id.* at 3. In addition, the Magistrate Judge ordered that "the only publicly available documents in this case are those that have been redacted and do not contain Plaintiff's name or other private information identified by the Fifth Circuit." *Id.* Further, after correctly reasoning that retroactive pseudonymization was appropriate, the Magistrate Judge instructed "the Clerk to amend the case caption and docket entries by replacing Plaintiff's name with 'Jane Doe' to preserve her anonymity," noting that it was "not imposing any obligation on Professor Volokh to retroactively pseudonymize his own writings on this case that are already in the public domain." *Id.* at 3–7. However, the Magistrate Judge's order then instructed Volokh that he "may not, however, publicly disclose Plaintiff's name or personal identifying information in any future writings, speeches, or other public discourse." *Id.* at 7.

On July 2, 2024, Volokh filed objections to the Magistrate Judge's June 20, 2024 order, objecting only to the Magistrate Judge's instruction that he "may not, however, publicly disclose Plaintiff's name or personal identifying information in any future writings, speeches, or other public discourse." *See* ECF No. 456.

## LEGAL STANDARD

A magistrate judge's determination regarding a nondispositive matter is reviewed under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)

("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). This "highly deferential standard requires the court to affirm the decision of the magistrate judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Baylor Health Care Sys. v. Equitable Plan Servs., Inc.*, 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## ANALYSIS

According to Volokh, "publishers like Volokh have a First Amendment right to editorial freedom in deciding whether to publish even highly private information . . . , so long as they acquired the information from documents that the government had made available." ECF No. 456 at 7. Accordingly, Volokh contends that the language instructing him that he may not publicly disclose Plaintiff's name or personal identifying information in any future writings, speeches, or other public discourse "is an unconstitutional prior restraint." *Id.* Volokh is correct.

As Volokh argues, where the government has in error placed confidential information into the public domain, punishment for the republication of that information already in the public domain violates the First Amendment. *See The Fla. Star v. B.J.F.*, 491 U.S. 524, 538 (1989). Of course, courts do have the authority to issue protective orders restricting speech. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37 (1984). But generally, such orders are constitutional only where they do not restrict the dissemination of information gained from sources outside of the litigation in which the protective order is sought. *Id.*

Here, the language at issue broadly prevents Volokh from publicly disclosing Plaintiff's name or personal identifying information in future writings, speeches, or other public discourse— whether learned through the public domain or through his involvement in this case. This

unlawfully restricts his speech. For example, the order restricts Volokh from sharing information that is publicly available through his prior writings but allows for any of Volokh's readers to share that same information. As such, the language at issue here is an unconstitutional prior restraint. Accordingly, the Court **STRIKES** from the Magistrate Judge's order the following language: "Professor Volokh may not, however, publicly disclose Plaintiff's name or personal identifying information in any future writings, speeches, or other public discourse." ECF No. 454 at 7.

Reviewing the remainder of the Magistrate Judge's order, that order is otherwise not clearly erroneous or contrary to law. *See Baylor Health Care Sys.*, 955 F. Supp. 2d at 689.

## CONCLUSION

For the forgoing reasons, Volokh's objections (ECF No. 456) are **SUSTAINED**, and the Court **AFFIRMS IN PART** and **VACATES IN PART** the Magistrate Judge's order (ECF No. 454). The Court **VACATES** and **STRIKES** the following language from the Magistrate Judge's order (ECF No. 454):

> Professor Volokh may not, however, publicly disclose Plaintiff's name or personal identifying information in any future writings, speeches, or other public discourse.

Otherwise, the Magistrate Judge's order (ECF No. 454) is **AFFIRMED**.

It is so **ORDERED**.

**SIGNED** this 16th day of July, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE